

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP
NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

Beth E. Levine

November 5, 2018

212.561.7720
blevine@pszjlaw.com

**BY EMAIL AND ECF FILING**

The Honorable Judge Shelley C. Chapman
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

    Re:    MacGreevey v. NYAM LLC, Adv. Pro. No. 17-01101 (SCC)

Dear Judge Chapman:

    We represent David MacGreevey, in his capacity as Plan Administrator of Runway Liquidation Holdings, LLC and its related debtors (the "Plaintiff"), the plaintiff in the above-referenced adversary proceeding (the "Adversary Proceeding"). On September 18, 2018, Plaintiff submitted to this Court a letter requesting a pre-motion conference regarding his proposed motion for partial summary judgment dismissing the second affirmative defense (the "Second Affirmative Defense") of defendant NYAM, LLC ("NYAM or Defendant") [Adv. Pro. Dkt. No. 19]. On September 27, 2018, NYAM submitted a letter to this Court opposing Plaintiff's Request (the "NYAM Letter" [Adv. Pro. Dkt. No. 20] in which it asserted that Plaintiff's request for leave to file a motion for summary judgment was premature as fact discovery had not yet been completed in this Adversary Proceeding. Plaintiff submits this letter as a supplement to its letter of September 18, 2018 and in response to the NYAM Letter.

    Fact discovery in this Adversary Proceeding was completed on October 31, 2018 in accordance with the Amended Initial Pretrial Order entered on August 30, 2018 [Adv. Pro. Dkt. No. 18]. With the completion of fact discovery, it has become clear that not only does the undisputed evidence support Plaintiff's motion for summary judgment dismissing the Second Affirmative Defense (the subject of our September 18th letter), but it also supports summary

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier Zip Code 19801)

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

DOCS_NY:38298.2



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

judgment on certain of Plaintiff's affirmative claims against NYAM.[1]

Accordingly, pursuant to Bankruptcy Local Rule 7056-1(a), Plaintiff respectfully renews its request for a pre-motion conference prior to the filing of a motion for summary judgment. After consultation with Defendant's counsel, we can advise the Court that both parties are available for a conference on November 13, 2018 at 2:00 pm, a date and time on which other matters in *the In re Runway Holdings Liquidation Holdings, LLC et al.* bankruptcy cases are scheduled to be heard.

## Issues to be Presented

Is NYAM liable to Plaintiff for at least $675,000.00, consisting of at least $575,000.00 in unpaid contractual royalties plus interest (the "Royalties") and an unapplied $100,000.00 credit (the "Credit")?

Is NYAM's Second Affirmative Defense valid such that NYAM will be entitled to setoff its alleged unsecured claim against any judgment rendered against it in this Adversary Proceeding?

## Grounds for Relief

### A. Plaintiff Is Entitled to Summary Judgment In Its Favor On the Royalties and the Credit

NYAM does not dispute that it owes Plaintiff the Royalties. Further, there is no evidence that NYAM applied the Credit, as it was required to do pursuant to a signed letter agreement between the parties. Accordingly, because there is no factual dispute between the parties, Plaintiff respectfully submits that this Court should grant summary judgment in favor of Plaintiff, finding that NYAM owes Plaintiff $675,000.00 on account of the Royalties and the Credit.

---

[1] Plaintiff does not intend to move for summary judgment on its affirmative claims related to NYAM's unauthorized sell-off of BCBG-branded goods.



**B. Summary Judgment Should be Granted Against Defendant on the Second Affirmative Defense**

Because NYAM assigned the invoices underlying its proof of claim to a third party, its factor, Hana Financial, Inc., there is no mutuality between those amounts and the Royalties and Credit owed by NYAM to Plaintiff. For this reason, Plaintiff respectfully submits that this Court should grant summary judgment dismissing the Second Affirmative Defense in its entirety.

We are available to answer any questions the Court may have.

Respectfully submitted,

*Beth E. Levine*

Beth E. Levine

BEL

cc: Michael Hamersky, Esq. (by email)