UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
In re                                    :    Chapter 11
:
BCBG MAX AZRIA GLOBAL        :    Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,              :
:    Jointly Administered
:
Debtors.                  :
-------------------------------------------------------------x
:
DAVID MACGREEVEY, in his capacity as    :
PLAN ADMINISTRATOR,              :
:    Adv. Pro. No. 17-01101 (SCC)
Plaintiff,               :
:
vs.                            :
:
NYAM, LLC,                           :
:
Defendant.              :
-------------------------------------------------------------x

**DECLARATION OF MICHAEL D. HAMERSKY
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>AND IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Michael D. Hamersky, Esq., declares under the penalties of perjury that:

I am a principal of the law firm of Griffin Hamersky LLP. I maintain an office at 420 Lexington Avenue, Suite 400, New York, New York 10170. I am over the age of 18 years, and not a party to the within action. I submit this declaration in support of the Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment.[1]

---

[1] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Memorandum of Law in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment, filed contemporaneously herewith.

1

1. I attach hereto as Exhibit A a true and correct copy of the Declaration of Kevin Thomas.

2. I attach hereto as Exhibit B a true and correct copy of the Declaration of Brian Fleming.

3. Plaintiffs do not possess any facts which demonstrate that NYAM sold licensed goods after the License Period in violation of NYAM's License Agreement with BCBG.

4. Plaintiffs do not possess any facts which demonstrate that the Debtor incurred damages because NYAM sold licensed goods after the License Period in violation of NYAM's License Agreement with BCBG.

Dated: New York, New York
December 28, 2018

By: /s/ Michael D. Hamersky
Michael D. Hamersky

# EXHIBIT A

17-01101-scc    Doc 30-2    Filed 12/28/18    Entered 12/28/18 11:10:54    Declaration of Michael Hamersky In Support of Defendants Opposition to Pl    Pg 3 of 11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                               : Chapter 11
                                                    :
BCBG MAX AZRIA GLOBAL                               : Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,                              :
                                                    : Jointly Administered
                                                    :
             Debtors.                               :
------------------------------------------------------------x
                                                    :
DAVID MACGREEVEY, in his capacity as                :
PLAN ADMINISTRATOR,                                 : Adv. Pro. No. 17-01101 (SCC)
                                                    :
             Plaintiff,                             :
                                                    :
   vs.                                              :
                                                    :
NYAM, LLC,                                          :
                                                    :
             Defendant.                             :
------------------------------------------------------------x

## DECLARATION OF KEVIN C. THOMAS

Kevin Charles Thomas hereby declares as follow:

1.      I am the First Senior Vice President and Customer Credit Manager of Hana Commercial Finance, Inc. ("Hana"). I have held this position for thirteen years. I make this Declaration based on personal knowledge and my review of Hana's files in support of the assertion by Defendant NYAM, LLC ("NYAM") of a right of setoff.

2.      I represented Hana's interests in connection with Hana's factoring of BCBG-related invoices for NYAM (the "Program") since the Program began in July 2016. I was personally involved in Hana's decisions whether to extend or restrict credit for the Program and whether to accept invoices from NYAM for factoring.

1

3. Under Hana's and NYAM's factoring agreement, Hana had discretion whether to accept or reject each NYAM invoice for factoring. Hana also had discretion to change some of the key terms on which it agreed to extend credit to NYAM.

4. During the course of the Program, Hana exercised its contractual discretion to reject NYAM invoices for factoring on numerous occasions.

5. Hana's procedure during the course of the Program was to review each NYAM invoice and notify NYAM, typically within five days, whether it would accept or reject the invoice for factoring. Hana provided notice of its decision as to which invoices it accepted for factoring, and which it rejected, through a computerized system to which NYAM had access.

6. When Hana rejected an invoice for factoring, that invoice was not assigned to Hana and Hana did not accept any ownership interest in the invoice. Also, Hana did not factor those invoices and they were designated as "recourse," meaning that Hana assumed no obligation to attempt to collect them.

7. All of the NYAM invoices issued in connection with the Program contained an instruction that payment should be remitted to Hana rather than to NYAM. This was done as a matter of convenience even when Hana had decided to reject the invoice for factoring. If an invoice that Hana rejected for factoring was paid to Hana, Hana's practice was to credit the payment to NYAM's open credit balance.

8. I have reviewed the NYAM proof of claim attached to this Declaration as Exhibit 1. The invoices identified in the NYAM proof of claim are all invoices that Hana rejected for factoring. Accordingly, Hana never took an ownership interest in those invoices, and BCBG (or its successor) owes them exclusively to NYAM, not to Hana.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed: New York, New York
December 18, 2018

_____
Kevin Charles Thomas

# EXHIBIT B

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
BCBG MAX AZRIA GLOBAL                                       :    Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,                                      :
                                                            :    Jointly Administered
                                                            :
             Debtors.                                       :
------------------------------------------------------------x
                                                            :
DAVID MACGREEVEY, in his capacity as                        :
PLAN ADMINISTRATOR,                                         :    Adv. Pro. No. 17-01101 (SCC)
                                                            :
             Plaintiff,                                     :
                                                            :
     vs.                                                    :
                                                            :
NYAM, LLC,                                                  :
                                                            :
             Defendant.                                     :
------------------------------------------------------------x
```

## DECLARATION OF BRIAN LEE FLEMING

Brian Lee Fleming hereby declares as follow:

1. I am the Chief Financial Officer of NYAM LLC ("**NYAM**"). I have held this position since January 2016. I am not a lawyer and have no legal training. I make this Declaration based on personal knowledge and my review of Hana's files in support of NYAM's assertion of a right of setoff.

2. I represented NYAM's interests in connection with Hana's factoring program (the "**Program**") for NYAM's BCBG-related invoices since the Program began in July 2016.

1

3. Under Hana's and NYAM's factoring agreement, Hana had discretion whether to accept or reject each NYAM invoice for factoring. Hana also had discretion to change some of the key terms on which it agreed to extend credit to NYAM.

4. During the course of the Program, Hana rejected NYAM invoices for factoring on numerous occasions.

5. Hana's procedure during the course of the Program was to review each NYAM invoice and notify NYAM, typically within five days, whether it would accept or reject the invoice for factoring. Hana provided notice of its decision as to which invoices it accepted for factoring, and which it rejected, through a computerized system to which NYAM had access.

6. When Hana rejected an invoice for factoring, that invoice was not assigned to Hana and Hana did not accept any ownership interest in the invoice. Also, Hana did not factor those invoices and they were designated as "recourse," meaning that Hana assumed no obligation to attempt to collect them.

7. All of the NYAM invoices issued in connection with the Program contained an instruction that payment should be remitted to Hana rather than to NYAM. This was done as a matter of convenience even when Hana had decided to reject the invoice for factoring. If an invoice that Hana rejected for factoring was paid to Hana, Hana's practice was to credit the payment to NYAM's open credit balance.

8. I have reviewed the NYAM proof of claim attached to this Declaration as Exhibit 1. The invoices identified in the NYAM proof of claim are all invoices that Hana rejected for factoring. Accordingly, Hana never took an ownership interest in those invoices, and BCBG (or its successor) owes them exclusively to NYAM, not to Hana.

9. I was deposed in this proceeding on October 25, 2018. In reviewing my testimony, I have realized that my terminology was not always precise. In particular, I testified

2

that all of NYAM's invoices in connection with its BCBG Program were initially "assigned" to Hana, but that some of the invoices were then "reassigned" to NYAM based on credit considerations. My testimony was accurate as a practical business matter. However, I have learned that lawyers' interpretation of the word "assignment" is somewhat different from the way I intended to use it at my deposition. I would therefore like to clarify my testimony here.

10. When NYAM wanted to assign an invoice to Hana for factoring, it filled out a form entitled "Assignment" which provided that NYAM "hereby sells, assigns, transfers and sets over to HANA FINANCIAL...the accounts receivable described in the attached copies of invoices...." However, this "Assignment" was actually only a *request for* and *offer of* assignment. An actual assignment was only effectuated if Hana accepted the assignment and thereby agreed to lend NYAM money based on the invoice. As I stated above, Hana typically notified NYAM whether it had accepted the assignment within five days of receiving the "Assignment" form.

11. NYAM did not receive any loans, payments or anything else of value in exchange for filling out an "Assignment" form. In fact, Hana typically charged NYAM a small fee even if it rejected the assignment.

12. NYAM only received value from Hana for a requested assignment, and only actually assigned ownership of and the right to collect the invoices attached to the "Assignment" form, once Hana accepted the assignment. When Hana notified NYAM that it had rejected an invoice, the invoice, and the right to own and collect it, remained with NYAM. Both NYAM and Hana typically referred to these invoices as "recourse."

13. I testified that NYAM's invoices were assigned to Hana and, if rejected, reassigned to NYAM, because, in practice, NYAM filled out "Assignment" forms and sent them

3

to Hana. Also, the Factoring Agreement states that all invoices will be assigned to Hana, although it also specifies situations in which Hana can refuse the assignment.

14. On reflection, I would like to make sure that my testimony is clear: The "Assignment" forms requested an assignment, but did not actually effectuate an assignment, because NYAM did not receive anything in return unless Hana actually accepted NYAM's assignment.

15. In other words, ownership of invoices did not transfer back and forth between NYAM and Hana when Hana rejected an invoice for factoring. My understanding is that ownership of an invoice only transferred to Hana once it approved the invoice for factoring and agreed to lend NYAM money based on the invoice. As a business matter, it would make no sense to transfer ownership of the right to collect a valuable invoice without receiving cash, a loan, or something else of equivalent value in exchange.

16. Even though Hana sometimes loaned NYAM money based on "recourse" invoices, it did not take over ownership of or responsibility for collecting those invoices when it did so. When Hana loaned NYAM money based on "recourse" invoices, NYAM was responsible for repaying the loan whether or not the invoices were collected. In contrast, when Hana accepted an invoice for factoring, Hana was required to rely on the invoice to obtain repayment of its loan.

17. My review of the files indicates that Hana did not lend NYAM money based on the "recourse" invoices supporting NYAM's proof of claim.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed: New York, New York
December 19, 2018

_____
Brian Lee Fleming

4