**GRIFFIN HAMERSKY LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284
Michael D. Hamersky
Scott A. Griffin
Richard K. Milin

*Counsel to the Defendant, NYAM, LLC*

THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, et al., | : | Case No. 17-10466 (SCC) |
| | : | Jointly Administered |
| Debtors. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| DAVID MACGREEVEY, in his capacity as PLAN ADMINISTRATOR, | : | Adv. Pro. No. 17-01101 (SCC) |
| Plaintiff, | : | |
| vs. | : | |
| NYAM, LLC, | : | |
| Defendant. | : | |

---------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR AN ORDER ALLOWING
IMMEDIATE REGISTRATION OF JUDGMENT AND IN SUPPORT
OF DEFENDANT'S CROSS-MOTION FOR A STAY PENDING APPEAL**

Defendant NYAM, LLC ("NYAM" or the "Defendant"), by and through its counsel Griffin Hamersky LLP, hereby files its Memorandum of Law in Opposition to Plaintiff's Motion for an Order Allowing Immediate Registration of Judgment and in Support of Defendant's Cross-Motion for a Stay Pending Appeal Pursuant to Rule 8007, Fed. R. Bankr. P. Defendant's Cross-Motion seeks

1

to stay this Court's order granting Plaintiff summary judgment (the "Order"), entered on March 13, 2019 [Dkt. No. 37], pending final resolution of NYAM's appeal of the Order. NYAM respectfully represents as follows:

## Preliminary Statement

1. This Court should not allow Plaintiff to disrupt NYAM's business – and potentially force it into bankruptcy – before NYAM has had a chance to obtain a ruling on its appeal. NYAM does not own real estate, as Plaintiff asserts; NYAM needs its cash to purchase inventory which it sells for a profit. Seizing NYAM's cash now would prevent it from continuing to purchase inventory and stop it from generating the profits it needs to continue its operations. Moreover, if Plaintiff enforces its judgment now, without consideration of NYAM's cash position, it may force NYAM to file a bankruptcy petition – thereby causing NYAM irreparable harm, contrary to the public's interests, and contrary to Plaintiff's own interests as well.

2. In contrast, if enforcement is delayed pending appeal, Plaintiff will not incur a genuine, substantial injury – the delay would not be unduly long, and NYAM has no plans to use its assets outside of the ordinary course of business. Indeed, the law would protect Plaintiff if NYAM attempted to do so. In any event, whether Plaintiff in fact has a right to NYAM's assets will not be finally determined until NYAM's appeal is decided.

3. In addition, NYAM respectfully suggests that it has – at a minimum – the "substantial possibility" of success on appeal necessary to support a stay of enforcement. Defendant's appeal is based mainly on arguments that the Court did not expressly rule on in granting the Order. For example, the Court did not consider whether NYAM's factor complied with the Factoring Agreement's express contractual requirement that it "purchase" any assigned invoices, or consider case law limiting the "sham issue of fact" doctrine insofar as it applies to non-parties, or address the fact that the Order in effect assigned $1.7 million in NYAM's invoices to its factor for no consideration.

4. For these reasons, Plaintiff's motion should be denied, and Defendant's Cross-Motion should be granted. There is no genuine cause to register Plaintiff's judgment immediately in California, and Plaintiff should be stayed from doing so based on the balance of the parties' respective harms and in the public's interest. *See* Fed. R. Bankr. P. 8007. NYAM should not be deprived of its fundamental right to be heard.

## Jurisdiction and Venue

5. NYAM agrees with Plaintiff that this Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. §§ 1334(a) and (b) and that venue is proper pursuant to 28 U.S.C. § 1409(a). NYAM also agrees that this is a core proceeding.

## Statement of Facts

6. On March 13, 2019, this Court entered an order granting Plaintiff's Motion for Partial Summary Judgment and directing the clerk of the Court (the "Clerk") to enter judgment against defendant NYAM, LLC in the amount of $675,000.00 plus interest. [Dkt. No. 37].

7. On March 14, 2019, the Clerk entered the Order, which granted Plaintiff a judgment against NYAM in the amount of $675,000.00 (the "Judgment"). [Dkt. No. 38].

8. On March 26, 2019, the Defendant filed a timely notice of appeal of the Order with the Court. [Dkt. 41.] NYAM's appeal is currently pending before the United States District Court for the Southern District of New York, Case No. 19-02963.

9. On May 20, 2019, Plaintiff filed its motion seeking an order for allowance of immediate registration of the Judgment in California, NYAM's home state (the "Motion to Domesticate") [Dkt. No 49].

10. Contrary to Plaintiff's assertions in the Motion to Domesticate, NYAM does not own any real property in California or elsewhere. (*See* Declaration of Brian Lee Fleming dated June 19, 2019 (the "Fleming Decl.") ¶ 2.)

11. NYAM has notified Plaintiff that NYAM sold the real property referenced in the Motion to Domesticate on March 14, 2014. (*See* Fleming Decl., ¶ 3 & Exh. 1.)

12. NYAM's assets are limited to cash and inventory, both of which are essential to the operation of NYAM's business. (*See* Fleming Decl. ¶ 4.)

13. Any seizure of, or encumbrance on, NYAM's assets would likely impact NYAM's ability to continue to operate its business. (*See* Fleming Decl. ¶ 5.)

14. If the Order is enforced without consideration of NYAM's cash flow needs, NYAM may be forced to seek bankruptcy protection. Absent enforcement, however, NYAM does not believe it would be necessary to seek bankruptcy protection within the next year or, indeed, a substantially longer period of time. (*See* Fleming Decl. ¶¶ 6-7.)

15. Defendant filed its timely brief in support of its appeal on May 30, 2019. (*See NYAM LLC v. MacGreevey*, No. 19-02963 (S.D.N.Y.) [Dkt. No. 8]).

16. NYAM intends to use its assets in the ordinary course of business to fund its operations and generate profit. NYAM has no plans to use its assets outside the ordinary course of business. (*See* Fleming Decl. ¶ 8.)

## Argument

### Point I
### Plaintiff's Motion to Domesticate Should Be Denied

17. Plaintiff's Motion to Domesticate should be denied. The Order can be registered and enforced without further court proceedings if NYAM's appeal is denied, and there is no evidence that NYAM's assets will vanish while its appeal is pending. Plaintiff's Motion to Domesticate in reliance on 28 U.S.C. § 1963 is merely an effort to deny NYAM its appeal. Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by

the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

18. There is no "good cause" to grant Plaintiff's Motion – instead, enforcement should be stayed for the reasons discussed below. Domesticating Plaintiff's judgment under § 1963 would, by the statute's express terms, allow Plaintiff to enforce the judgment. As a result, because NYAM's only significant assets are cash and inventory, granting the Motion to Domesticate would enable Plaintiff to force NYAM to discontinue operations. And allowing Plaintiff to shut NYAM down before its appeal has been decided would deny NYAM its fundamental right to be heard. Denying NYAM an appeal would be grossly unjust, and ***not*** "good cause."

## Point II
## NYAM's Cross-Motion to Stay Enforcement of the Order Should Be Granted

19. The decision whether to stay enforcement of the Order pending NYAM's appeal lies within the Court's sound discretion. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007) (citing cases). In the Second Circuit, courts consider four factors in determining whether to grant a stay: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993) (quotation marks omitted). *See also Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

20. The courts consider the foregoing four factors by "balancing" them, and no single factor is "dispositive." *See, e.g., Adelphia,* 361 B.R. at 347 ("[T]he Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed.") (citing *Mohammed*, 309 F.3d at 101) (citing *Ofosu v. McElroy*, 98 F.3d 694, 703 (2d Cir.

1996)) (weighing the four factors relevant to the grant of a stay)); *Rally Auto Grp., Inc. v. Gen. Motors LLC (In re Motors Liquidation Co.)*, No. M-47 (RPP), 2010 WL 4449425, at *3 (S.D.N.Y. Oct. 29, 2010) ("[t]he lack of any one factor is not dispositive to the success of the motion, rather the inquiry represents a balancing of the four factors.").

21. Here, all four factors favor staying enforcement of the Order: Enforcement would cause NYAM irreparable harm by endangering and potentially destroying its business; granting a stay would merely delay Plaintiff's potential recovery without causing it substantial injury; NYAM has a "substantial possibility" of success on its appeal; and the public interest would be harmed if NYAM is forced out of business without an opportunity to be heard on appeal.

    A.    <u>NYAM Will Suffer Irreparable Harm Absent a Stay</u>

22. If Plaintiff enforces its judgment while NYAM's appeal is pending, NYAM will not suffer a mere monetary loss. Rather, enforcement will put NYAM's cash and inventory at risk, and thus endanger its ability to continue in operation. NYAM does not plan to file for bankruptcy protection in the near future, but enforcement of Plaintiff's judgment, if NYAM's cash flow needs are not taken into account, is likely to precipitate its bankruptcy. It is well established that a likelihood of being forced to file for bankruptcy protection is the exact sort of irreparable harm that injunctive relief, such as a stay pending appeal, is meant to protect against. *See in re Sabine Oil & Gas Corp.*, 551 B.R. 132, 143-44 (Bankr. S.D.N.Y. 2016) (movant shows irreparable harm by demonstrating that the harm is more than "mere money damages"); *Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir.1989) ("A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation" such as "imminent bankruptcy".) *See also Brenntag Int'l Chems.*, 175 F.3d at 249 (affirming finding of irreparable harm in support of injunction where defendant was insolvent); *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010) ("[W]e have held that a finding of irreparable harm may lie in

connection with an action for money damages where the claim involves an obligation owed by an insolvent or a party on the brink of insolvency.").

23. Contrary to Plaintiff's assertions in its Motion to Domesticate, NYAM does not own any real property, in California or elsewhere. NYAM's only assets are its cash on hand and inventory, both of which are essential to NYAM's operations. Enforcement of the Order, therefore, would likely make operating NYAM virtually impossible.

24. Further, as the Second Circuit has explained, a key factor in deciding whether to grant a stay pending appeal is whether, absent a stay, the appellant "can be restored to the status quo ante if the appeal should result in a reversal in his favor. The irreparability of the harm increases in proportion to its irreversibility." *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1153 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987). *See In re Agency for Deposit Ins., Rehab., Bankr. and Liquidation of Banks*, No. 03 Civ. 9320, 2004 WL 414831, at *3 (S.D.N.Y. Mar. 4, 2004) (granting stay pending appeal because otherwise the party would be "severely, and quite possibly irretrievably, harmed, by a premature distribution . . . that will not readily be recompensable without substantial litigation, if at all").

25. Here, interfering with NYAM's operations by seizing its assets and inventory would not only cause irreparable harm, but likely irreversible harm. NYAM operates on a simple business model: borrow money, buy inventory, and sell it at wholesale. Any bankruptcy would be likely to cause irreparable harm to NYAM's ability to borrow, and thus to result in its permanent closure.

   B. <u>Plaintiff Will Not Suffer Substantial Injury If a Stay Is Issued</u>

26. Plaintiff is not likely to suffer substantial harm if a stay pending appeal is granted. Consequently, given the irreparable harm that NYAM is likely to suffer if a stay is denied, the balance of harms decisively "tips in favor of granting the stay." *Adelphia*, 361 B.R. at 349.

27. Granting a stay admittedly would delay Plaintiff's recovery – if it shows on appeal that it is entitled to a recovery – but it is unlikely to **deny** Plaintiff any recovery it is entitled to. A stay would not be likely to last very long, and there is no evidence that NYAM's assets are a "melting ice cube." NYAM's assets may be relatively small, but there is no basis for this Court to conclude that they are diminishing.

28. Indeed, because NYAM has insufficient liquid assets to satisfy the judgment at this time, allowing NYAM to profit from continuing its business operations is Plaintiff's best chance to realize the full amount of its judgment, assuming that it wins on appeal. Conversely, allowing Plaintiff to execute on its judgment now is likely to diminish NYAM's ability to satisfy any judgment. Consequently, a delay pending appeal is not likely to cause Plaintiff a substantial injury and the "balance of harms" "tips in favor" of granting the stay. *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 145 (Bankr. S.D.N.Y. 2016).[1]

          C.      NYAM Has a Substantial Possibility of Success on Appeal

29. NYAM respectfully submits that it has more than a substantial possibility of success on appeal for the reasons stated in its appeal brief. (*See* Appeal Brief, Fleming Decl., Exh. 2.) However, as noted above, a "substantial possibility" of success suffices for a stay; a party requesting a stay is not required to show even a likelihood of success on appeal. *See Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993). Moreover, the burden on NYAM to demonstrate its possibility of success on the merits is reduced because NYAM is likely to sustain significant irreparable injury if it is denied a stay pending appeal. *See Mohammed*, 309 F.3d at 101 ("'The probability of success that must be demonstrated is inversely proportional to the amount of

---

[1] This case differs from *Sabine Oil & Gas Corp.* in that the stay in *Sabine* would have prejudiced the non-moving party by hindering the debtors' emergence from chapter 11. Here, in contrast, the stay imposes no such burden – a stay, and allowing NYAM to continue its operations, would ultimately *benefit* Plaintiff. *See Sabine Oil & Gas*, 551 B.R. at 145-46.

8

irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other.") (quotation and brackets omitted); *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) ("[T]he necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors," and "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [petitioner] will suffer absent the stay.") (internal quotation marks and brackets omitted); *see also Hayes v. City Univ. of N.Y.*, 503 F. Supp. 946, 963 (S.D.N.Y. 1980) (party seeking a stay only had to "show only that its arguments raise a substantial possibility, although less than a likelihood, of success…."), *aff'd*, 648 F.2d 110 (2d Cir. 1981) (emphasis added).

30. One reason that NYAM is likely to succeed on appeal is a provision of NYAM's Factoring Agreement that the Court did not consider in evaluating whether NYAM's factor Hana Commercial Finance, Inc. ("Hana") was required to accept NYAM's invoices for factoring in order to own them, and whether it accepted the invoices at issue here. The Factoring Agreement contained ***mutual*** covenants: "[Defendant] hereby agrees to sell, assign and transfer to Hana, and Hana hereby agrees to ***purchase***, all of Client's [Invoices]." (*Id.* § 1.1 (emphasis added).) The Court ruled that NYAM had assigned the invoices at issue, and that Hana owned them, without considering whether Hana had satisfied its contractual obligation to "purchase" the invoices by providing consideration for them. Further, the Factoring Agreement itself did not effectuate a purchase; that Agreement instead provided the opposite, because it gave Hana discretion not to accept the invoices for factoring or to provide any other consideration for them. Consequently, the Court should not have determined that Hana rather than NYAM owned the invoices at issue without considering extrinsic evidence.

31. A second reason why NYAM has a substantial possibility of success on appeal is the Court's determination that NYAM and Hana were bound by the Court's interpretation of the written terms of their contract, and that any evidence they provided that they did business differently should

9

therefore be disregarded. California's liberal parol evidence rule allows consideration of parties' course of conduct to vary the terms of their written contracts, even if those contracts are otherwise unambiguous, and it is black letter law that, "[w]here the parties have attached the same meaning to a promise or agreement or a term thereof, it is interpreted in accordance with that meaning." Restatement (Second) of Contracts § 201(1). Here, NYAM and its factor submitted parallel declarations interpreting their contracts in the same way. Further, the Court did not explain why the affidavit of NYAM's factor was properly excluded from evidence despite the narrow scope of the "sham issue of fact" doctrine when it is applied to non-parties.

32. A third reason why NYAM has a substantial possibility of success on appeal is that the Court did not expressly rule on NYAM's argument that it received no consideration for the $1.7 million in invoices at issue. Plaintiff's assertions that no consideration was required, and that the parties' prior agreements provided consideration for all invoices that NYAM later sent to Hana, lack merit for reasons explained in NYAM's appeal brief. Moreover, these arguments certainly do not show that Hana "purchased" the invoices at issue as the Factoring Agreement expressly required.

33. Further reasons why NYAM has a substantial possibility of success on appeal are stated in NYAM's appeal brief. However, the foregoing arguments should show, because this Court did not expressly rule on them, that NYAM has a substantial possibility of success on appeal. NYAM does not ask this Court to reverse its prior decision in order to decide this Motion and Cross-Motion, but only that it allow NYAM to state its case, particularly given the reduced burden NYAM must sustain because, absent a stay, it is likely to suffer irreparable harm.

D. A Stay Would Serve the Public Interest

34. A stay would serve the public interest here for at least three reasons. First, a stay would preserve the right to appeal, an important means of ensuring the fairness of the U.S. judicial system, which should not be denied to NYAM solely because it cannot afford a bond. Second, a stay

would prevent an unnecessary bankruptcy – NYAM should not be forced to close, and to cease paying its creditors or personnel, merely because it cannot afford to bond its appeal. These points are further reinforced by NYAM's statement that it plans to use the assets that Plaintiff wants to seize to continue its operations and make a profit, which would benefit Plaintiff as well as NYAM.

35. Third, NYAM respectfully suggests that the issues on appeal are of considerable public interest. For example, it is extremely important to businesspeople that they can do business however they choose, provided their counter-parties agree, without fear that the courts will subject them to different terms. Thus, multiple courts have held that, as a matter of public policy, contracting parties' joint understanding of their agreements should not be rejected in favor of the courts' interpretation of those agreements. *See, e.g.*, *Rex Med. L.P. v. Angiotech Pharm. (US), Inc.*, 754 F. Supp. 2d 616, 626 (S.D.N.Y. 2010) (noting that the public has an interest in seeing that parties abide by their contractual obligations); *see also Cuciniello v. Cuciniello,* 85 Misc.2d 454, 378 N.Y.S.2d 976, 977 (N.Y. Sup. Ct. 1976) (stating that, "[in general, public policy holds competent contracting parties to bargains made by them freely and voluntarily, and requires the courts to enforce such agreements").

36. For all of the foregoing reasons, enforcement of the Order should be stayed: NYAM risks irreparable harm absent a stay; a stay would not significantly harm Plaintiff; NYAM has a substantial possibility of success on appeal; and a stay would serve the public interest. Therefore, under Rule 8007, Fed. R. Bankr. P., NYAM's Cross-Motion for a stay should be granted.

E. <u>NYAM Should Not Be Required to Post a Bond</u>

37. A bond is not required to obtain a stay pending appeal and is not warranted here. Bankruptcy Rule 8005 provides, in relevant part, only that "[t]he district court…*may* condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. Fed R. Bankr. P. 8005 (emphasis added). *See also In re Supreme Specialties, Inc*., 330 B.R.

93, 96 (S.D.N.Y. 2005) ("The posting of a bond…is discretionary and it not a prerequisite to obtain a stay pending appeal").

38. The purpose of a bond is to protect appellees against loss they may incur because of the appeal. *See, e.g., In re Sphere Holding Corp.*, 162 B.R. 639, 644 (E.D.N.Y. 1994). As pointed out above, however, Plaintiff will not suffer substantial injury if it delays enforcement of its Order until the conclusion of the appeal. There is no evidence that Plaintiff is less likely to recover sums due if a stay is granted.

39. Further, requiring a bond would be inequitable, because NYAM does not have the liquidity necessary to obtain a bond, and requiring NYAM to liquidate its assets to obtain a supersedeas bond would cripple its operations. Therefore, any request for a bond should be denied. *See, e.g., Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1153 (2d Cir. 1986), *rev'd on other grounds*, 481 U.S. 1 (1987) (limiting the amount of a supersedeas bond because posting the entire amount of the judgment would likely force the judgment debtor into bankruptcy or liquidation); *State Indus. v. Mor–Flo Indus.,* 124 F.R.D. 613, 614 (E.D. Tenn. 1988) (the court is not obligated to require a bond pending appeal if the appellant shows "undue financial burden or other exceptional circumstances").

## Notice

40. Notice of NYAM's Cross-Motion has been given to Plaintiff's counsel. NYAM respectfully submits that, in light of the nature of the relief requested, no other or further notice is required.

## No Prior Request

**41.** No prior request for the relief sought herein has been made to this or any other court.

## Conclusion

For the foregoing reasons, NYAM respectfully requests that this Court deny Plaintiff's Motion for an Order Allowing Immediate Registration of Judgment and grant NYAM's Cross-

Motion for an order, substantially in the form of attached hereto as Exhibit A, staying enforcement of the Order pending final resolution of NYAM's appeal.

Dated: New York, New York
June 20, 2019

GRIFFIN HAMERSKY LLP

By: /s/ Michael D. Hamersky
Michael D. Hamersky
Scott A. Griffin
Richard K. Milin
420 Lexington Ave, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-5574

*Counsel for Defendant, NYAM, LLC*