**Hearing Date and Time: July 17, 2019 at 2:00 p.m. (ET)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| BCBG MAX AZRIA GLOBAL : | Case No. 17-10466 (SCC) |
| HOLDINGS, LLC, et al., : | |
| : | Jointly Administered |
| : | |
| Debtors. : | |
---------------------------------------------------------------x
| | |
|---|---|
| DAVID MACGREEVEY, in his capacity as : | |
| PLAN ADMINISTRATOR, : | Adv. Pro. No. 17-01101 (SCC) |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| NYAM, LLC, : | |
| : | |
| Defendant. : | |
---------------------------------------------------------------x

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## CROSS-MOTION FOR A STAY PENDING APPEAL

                               PACHULSKI STANG ZIEHL & JONES LLP
                               Robert J. Feinstein, Esq.
                               Bradford J. Sandler, Esq.
                               Beth E. Levine, Esq.
                               780 Third Avenue, 34th Floor
                               New York, NY 10017
                               Telephone: (212) 561-7700
                               Facsimile: (212) 561-7777

                               *Counsel to the Plaintiff*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1
PROCEDURAL BACKGROUND.............................................................................................. 2
ARGUMENT ................................................................................................................................ 3
I.    DEFENDANT HAS NOT DEMONSTRATED THAT IT IS ENTITLED TO A STAY PENDING APPEAL ............................................................................................... 3
      A.    Defendant Has Not Demonstrated Actual and Imminent Harm ............................ 4
      B.    Plaintiff Could Be Significantly Harmed If a Stay Were Granted......................... 6
      C.    Defendant Is Unlikely To Succeed on the Merits of Its Appeal ............................ 7
          1.    The Court Clearly Considered the Issue of Consideration ........................ 7
          2.    The Factoring Agreement Effectuated a Purchase..................................... 8
          3.    The Court Properly Discounted the "Parallel Declarations" ..................... 9
      D.    Public Policy Considerations Militate Against Granting a Stay Here ................. 10
II.    IN THE ABSENCE OF A BOND, NO STAY SHOULD BE GRANTED ..................... 11
CONCLUSION........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

## CASES

*29 Brooklyn, LLC v. Chesley*,
  2015 U.S. Dist. LEXIS 168907 (E.D.N.Y. Dec. 16, 2015) ...................................................... 7

*ACC Bondholder Grp. v. Adelphia Comms. Corp.* (*In re Adelphia Comms. Corp.*),
  361 B.R. 337 (S.D.N.Y. 2007).............................................................................................. 3, 4

*Anthony Realty Corp. v. Schlesinger*,
  888 F.2d 969 (2d Cir. 1989)...................................................................................................... 5

*Brenntag Int'l Chems. v. Bank of India*,
  175 F.3rd 245 (2d Cir. 1999) ................................................................................................... 6

*Coastal Inv. Partners, LLC. V. Dsg Global, Inc.*,
  2017 U.S. Dist. LEXIS 121095 (S.D.N.Y. July 31, 2017) ...................................................... 6

*CRP/Extell Parcel I., L.P. v. Cuomo*,
  394 F. App.'x 779 (2d Cir. 2010) ........................................................................................ 4, 6

*De la Fuente v. DCI Telecomms., Inc.*,
  269 F. Supp. 2d 237 (S.D.N.Y. 2003).................................................................................... 11

*Fine v. Bradshaw*,
  138 Cal. App.2d 863 (3d Dist. 1956)....................................................................................... 8

*Fox v Bank Mandiri (In re Perry H. Koplik & Sons, Inc.)*,
  2007 Bankr. LEXIS 925 (Bankr. S.D.N.Y. Mar. 13, 2007) ..................................................... 4

*In re 473 W. End Realty Corp.*,
  507 B.R. 496 (Bankr. S.D.N.Y. 2014) .................................................................................... 7

*In re 8 W. 58th St. Hosp., LLC*,
  2016 WL 856800 (quoting *Nken v. Holder*, 556 U.S. 418 (2009)) ....................................... 4

*In re Fiesta Inn & Suites, LP*,
  2009 Bankr. LEXIS 4176 (Bankr. W.D.T.X. Dec. 21, 2009)............................................. 6, 12

*In re Gen. Motors Corp.*,
  409 B.R. 24 (Bankr. S.D.N.Y. 2009) ..................................................................................... 11

*In re Motors Liquidation Co.*,
  539 B.R. 676 (Bankr. S.D.N.Y. 2015) .................................................................................... 10

*In re Sabine Oil & Gas Corp.*,
  548 B.R. 674 (Bankr. S.D.N.Y. 2016).................................................................................. 3, 7

*In re U.S. Express*,
  255 F.Supp. 584 (N.D. Ca. 1966) ............................................................................................ 8

*In re Westpoint Stevens, Inc.*,
  2007 U.S. Dist. LEXIS 33725 (S.D.N.Y. May 9, 2007) ........................................................ 11

*N.Y. Skyline, Inc. v. Empire State Bldg. Co. (In re N.Y. Skyline, Inc.)*,
  520 B.R. 1 (S.D.N.Y. 2014).................................................................................................... 3

*RLS Assoc., LLC v United Bank of Kuwait PLC*,
  380 F3d 704 (2d Cir 2004)....................................................................................................... 9

*Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC (In re Sabine Oil & Case Corp.)*,
  551 B.R. 132 (Bankr. S.D.N.Y. 2016) ................................................................................... 10

*Texaco, Inc. v. Pennzoil*,
  784 F.2d. 1133 (2d. Cir. 1986)............................................................................................... 12

*Triple Net Invs. IX, LP v. DJK Residential, LLC (In re DJK Residential, LLC)* ("<u>*In re DJK*</u>"),
  2008 U.S. Dist LEXIS 19801 (S.D.N.Y. Mar. 7, 2008) ....................................................... 7, 11

**RULES**

Fed. R. Bankr. P. 8007 ............................................................................................................... 1

DOCS_NY:39297.3 08467/001

Plaintiff (the "Plaintiff") David MacGreevey, solely in his capacity as plan administrator in the above-captioned chapter 11 cases, appointed pursuant to the terms of the chapter 11 plan confirmed in the above-captioned cases, on behalf of BCBG Max Azria Global Holdings, LLC (n/k/a Runway Liquidation Holdings, LLC) and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby submits this opposition (the "Opposition") to the cross-motion (the "Cross-Motion")[1] of defendant NYAM, LLC ("Defendant") for a stay pending appeal.

## PRELIMINARY STATEMENT

Defendant seeks the extraordinary relief of a stay of enforcement of a judgment for money damages but refuses to post a bond to protect plaintiff against any loss resulting from that stay. Defendant is not entitled to this extraordinary relief because it fails to satisfy any of the factors that are required in order to obtain relief pursuant to Bankruptcy Rule 8007. First, Defendant's unsupported contention that it "may" be forced into bankruptcy" is insufficient to establish that Defendant would suffer actual and imminent irreparable harm in the absence of a stay. Second, if a stay were granted, Plaintiff would face substantial injury because he would be required to suspend his collection efforts while Defendant, who complains of illiquidity, would be free to dispose of its assets or otherwise alter its ability to respond in damages. Third, because Defendant has failed to show irreparable harm, it has a high burden of showing a substantial possibility of success on appeal, and, as discussed in detail below, it has failed to meet this burden. Finally, a stay would be contrary to the public interest of preserving the Judgment, an asset of the Post-Effective Date Debtors, for distribution to their creditors.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Cross-Motion.

In sum, each of the four factors that courts use to determine whether a stay pending appeal is appropriate militate against granting such relief here, and the Cross-Motion should be denied. If, however, the Court determined to grant the Cross-Motion, Defendant should be required to post a supersedeas bond in the amount of $675,000.00.

**PROCEDURAL BACKGROUND**

On November 11, 2018, Plaintiff moved for partial summary judgment in this adversary proceeding (the "Adversary Proceeding"). [Docket No. 24]. On December 28, 2018, Defendant cross-moved for summary judgment. [Docket No. 30]. This court (the "Court") held a hearing on the motions on March 5, 2019 and granted partial summary judgment in Plaintiff's favor at the hearing. *See* Transcript of March 5, 2019 Hearing (the "Transcript"). [Docket No. 40] at 54: 14-17.

On March 13, 2019, the Court entered an order (the "Order") granting Plaintiff's Motion for Partial Summary Judgment and directing the clerk of the Court (the "Clerk of the Court") to enter judgment against defendant NYAM, LLC (the "Defendant") in the amount of $675,000.00 plus interest. [Docket No. 37]. On March 14, 2019, the Clerk of the Court entered judgment (the "Judgment") against the Defendant in the amount of $675,000.00 plus interest at the federal judgment rate from the date when such judgment becomes final and nonappealable, until paid in full. [Docket No. 38].

On March 26, 2019, the Defendant filed with the Court a notice of appeal of the Order [Docket No. 41], which appeal is currently pending before the United States District Court for the Southern District of New York. On May 20, 2019, Plaintiff filed its motion for an order allowing immediate registration of judgment (the "Registration of Motion"). [Docket No. 49]. On June 20, 2019, Defendant filed its opposition to the Registration Motion, and simultaneously

filed the Cross-Motion and an accompanying Declaration of Brian Fleming. [Docket Nos. 52-53].[2] By order dated June 27, 2019, the Court granted the Registration Motion. [Docket No. 56]. As set forth below, the Cross-Motion should be denied.

## ARGUMENT

### I. DEFENDANT HAS NOT DEMONSTRATED THAT IT IS ENTITLED TO A STAY PENDING APPEAL

"The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016) (Chapman, J.). In exercising this discretion, the court must consider four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interest that may be affected." *Id.* (quoting *ACC Bondholder Grp. v. Adelphia Comms. Corp.* (*In re Adelphia Comms. Corp.*), 361 B.R. 337, 346 (S.D.N.Y. 2007)). Within the Second Circuit, some courts rigidly apply these factors (*i.e.,* a movant must show satisfactory evidence on all factors) while others engage in a balancing test. *Id.* The burden is on the moving party to establish that these elements are satisfied. *N.Y. Skyline, Inc. v. Empire State Bldg. Co. (In re N.Y. Skyline, Inc.)*, 520 B.R. 1, 5 (S.D.N.Y. 2014). "[A] stay of a judgment pending an appeal is an exercise of judicial discretion and is not a matter of right, even if irreparable injury might otherwise result." *Id.* It is clear that whether the "rigid four factor approach" or the "balancing approach" is applied, Defendant has not met its burden.

---

[2] The Fleming Declaration is hereafter referred to as the "Fleming Decl." Defendant's Memorandum of Law In Opposition to Plaintiff's Motion for an Order Allowing Immediate Registration of Judgment and In Support Of Defendant's Cross-Motion For a Stay Pending Appeal is hereafter referred to as "Def. Bri."

### A.     <u>Defendant Has Not Demonstrated Actual and Imminent Harm</u>

The Cross-Motion should be denied because Defendant has failed to demonstrate probable irreparable harm in the absence of the imposition of a stay. This is so because it has not shown that the harm which it posits is actual or imminent or that the harm it articulated is the type that can provide the basis for imposition of a stay pending appeal. "'A showing of probable irreparable harm is the principal prerequisite for the issuance of a . . . stay.'" *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347 (citations omitted). "[S]imply showing some 'possibility of irreparable injury' fails to satisfy" this factor. *In re 8 W. 58th St. Hosp., LLC*, 2016 WL 856800, at *2 (quoting *Nken v. Holder*, 556 U.S. 418, 434-35 (2009)). Instead, the movant bears the burden of demonstrating it will suffer irreparable harm that is "neither remote nor speculative, but **actual and imminent**." *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347 (emphasis added); *Fox v Bank Mandiri (In re Perry H. Koplik & Sons, Inc.)*, 2007 Bankr. LEXIS 925 at * 5 (Bankr. S.D.N.Y. Mar. 13, 2007) (same); *see also CRP/Extell Parcel I., L.P. v. Cuomo*, 394 F. App.'x 779 (2d Cir. 2010) ("Predicate to injunctive relief under this [insolvency] exception, a movant must show that **the risk of insolvency is likely and imminent.**") (Emphasis added).

The main harm that Defendant identifies is its speculation that its ability continue in operations **might** be endangered, because, according to Brian Fleming, NYAM's Chief Financial Officer, "[a]ny seizure of, or encumbrance on, NYAM's assets **would likely** have a negative impact on NYAM's ability to continue to operate its business," and if the Judgment is enforced, "NYAM **may** be forced to seek bankruptcy protection." Fleming Dec. ¶¶ 5-6 (emphasis added). In support of the Cross-Motion, Defendant also conjectures, without reference to the Fleming Declaration or any other evidence, that a "bankruptcy would be likely to cause irreparable harm to NYAM's ability to borrow, and thus to result in its permanent closure." Def. Bri. at ¶ 25. But

these purported explanations of irreparable harm do not contain even an allegation that such harm is imminent and are not supported by any evidence, facts, or figures other than Mr. Fleming's very conclusory statement cited above. Defendant's factually unsupported speculations are insufficient to meet its burden of demonstrating that, in the absence of a stay, insolvency or any other harm is **likely and imminent**.

In contrast, in *Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969 (2d Cir. 1989) which the Defendant cited, *se*e Def. Bri at ¶ 22, the plaintiffs, limited partners in a limited partnership, obtained a preliminary injunction enjoining the limited partnerships at issue from making payments to the general partner where they had established a likelihood of success on the merits of their breach of fiduciary duty claims against the general partners and had also provided "ample evidence of the limited partnerships' imminent bankruptcy absent the issuance of a preliminary injunction" in that the limited partnerships' current assets exceeded their current liabilities and they were obligated on three loans totaling over $2,000,000, all of which were due on demand. *Id*. at 975. No such evidence has been presented here, and "likely" and "may" are insufficient bases for the granting of the extraordinary relief of a stay pending appeal.

Further, the cases that Defendant cites to support its contention that the threat of a defendant being forced into bankruptcy due to enforcement of judgment constitutes irreparable harm in the context of a motion for a stay simply do not support this proposition.[3] Rather, they involve situations in which the plaintiff/movant was seeking a preliminary injunction in order to prevent the dissipation of the assets of an insolvent entity that would prevent the **movant's** ultimate recovery if it were successful on the merits. *See*, *e.g.*, *Brenntag Int'l Chems. v. Bank of*

---

[3] Indeed, none of the cases cited by Defendant as support for the proposition that a bankruptcy filing or insolvency could constitute irreparable harm arise in the context of a motion for a stay of execution of judgment pending appeal. Rather, each arises in the context of a motion for a preliminary injunction. *See* Def. Bri. at ¶ 22 and the cases cited therein

*India*, 175 F.3rd 245, 250 (2d Cir. 1999) (finding irreparable harm where plaintiff sought preliminary injunction enjoining payment under an irrevocable letter of credit (the "LOC"), and the beneficiary of the LOC was insolvent); *CRP/Extell Parcel I., L.P. v. Cuomo*, 394 App'x 779, 781-82 (2d Cir. 2010) (preliminary injunction enjoining release of amounts held in escrow denied where plaintiff had argued in nothing more than conclusory terms that defendant might spend escrow monies and later become insolvent, thereby making it impossible for plaintiff to collect a judgment if it prevailed on the merits). *See also*, *Coastal Inv. Partners, LLC. V. Dsg Global, Inc.*, 2017 U.S. Dist. LEXIS 121095 at *6-7 (S.D.N.Y. July 31, 2017) (insolvency exception applies when injunction is sought by claimant, and the obligation is owed by party at imminent risk of insolvency). In sum, Defendant has not met its burden of showing actual and imminent harm.

B. **Plaintiff Could Be Significantly Harmed If a Stay Were Granted**

There is a strong likelihood that Plaintiff will be harmed in the event the Cross-Motion is granted. As the Bankruptcy Court for the Western District of Texas explained: "[T]he danger of loss to an appellee who holds a money judgment is straightforward – collection efforts are suspended against the judgment debtor who is then free to dispose of property or otherwise alter his ability to respond in damages." *In re Fiesta Inn & Suites, LP*, 2009 Bankr. LEXIS 4176 at *5 (Bankr. W.D.T.X. Dec. 21, 2009). This danger is particularly straightforward here as Defendant has refused to post a bond, instead glibly stating that "NYAM has no plans to use its assets outside the ordinary course of business," Fleming Dec. ¶ 8, and has freely admitted that it is strapped for cash sufficient to pay for a bond, and, presumably, to pay the Judgment. Def. Bri. ¶ 39.

C. **Defendant Is Unlikely To Succeed on the Merits of Its Appeal**

"The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury that the plaintiff will suffer absent the stay; in other words, 'more of one excuses less of the other.'" *In re Sabine*, 548 B.R. at 684 (quoting *In re 473 W. End Realty Corp.,* 507 B.R. 496, 502 (Bankr. S.D.N.Y. 2014)) (denying stay pending appeal where movant failed to demonstrate "substantial possibility" of success on appeal by merely presenting a "pared-down reargument" of certain of claims and arguing that other claims were "colorable"). In light of its failure to demonstrate irreparable harm, Defendant must "clearly establish a substantial possibility of success on appeal." *29 Brooklyn, LLC v. Chesley*, 2015 U.S. Dist. LEXIS 168907 at *10 (E.D.N.Y. Dec. 16, 2015) ("'showing of substantial possibility of success is inversely proportional to the amount of irreparable injury,'") (citations omitted). "[I]n the absence of any showing of irreparable injury on [movant's] part, and in the face of irreparable injury on the part of the [non-moving party], the possibility that the Bankruptcy Court may have gotten it wrong is simply not enough to merit the extraordinary relief of a stay pending appeal." *Triple Net Invs. IX, LP v. DJK Residential, LLC (In re DJK Residential, LLC)* ("*In re DJK*"), 2008 U.S. Dist LEXIS 19801 at *13-14 (S.D.N.Y. Mar. 7, 2008).

Despite its arguments to the contrary, Defendant has not made a strong showing of irreparable harm. Accordingly, although it contends that its burden on this factor has been reduced, *see* Def. Bri. at ¶ 29, Defendant has a high burden of establishing a substantial possibility of success on the merits. Defendant has not met this burden.

1. **The Court Clearly Considered the Issue of Consideration**

The first reason Defendant provides for it having a substantial possibility of success on its appeal is that this Court did not consider Section 1.1 of the Factoring Agreement which provides that Defendant "hereby agrees to sell, assign, and transfer to Hana, and Hana hereby agrees to

purchase all of Client's Invoices" and specifically, that the Court did not consider whether Hana had satisfied its contractual obligation to purchase the invoices by providing consideration for them. Def. Bri. ¶¶ 30, 32. The issue was raised in the briefing on the summary motions and extensively at oral argument. *See, e.g.*, Defendant's Reply Memorandum of Law In Further Support of Its Cross-Motion For Summary Judgment [Docket No. 35] at 6-7; Transcript at 13:10-14:6; 20:15-21:6; 21:22-23:7; 24:2-25:2. Therefore, although the Court did not explicitly address the issues in rendering its oral decision, there is thus no basis for saying it did not consider them.

### 2. The Factoring Agreement Effectuated a Purchase

Defendant argues next that it will likely prevail on its appeal because the Factoring Agreement did not effectuate a purchase. Def. Bri. ¶ 30. In this vein, it appears be arguing, based on two cases discussing California law, that the transactions contemplated by Section 1.1. of the Factoring Agreement were at most conditional sales. *See* Brief For Appellant ("Def. Appeal Bri.," attached as Exhibit 1 to the Fleming Dec.) at 16-17. But neither case stands for that proposition. Rather, each simply holds that where a contract does not explicitly provide that it is a conditional sales contract, the language "agrees to sell" and "agrees to buy" may be one factor that suggests – but does not determine – that a contract is a conditional sales contract. *See In re U.S. Express*, 255 F.Supp. 584, 588 (N.D. Ca. 1966), ("agrees to sell", "agrees to buy language" along with the seller's right to retake certain public utilities certificates and retain all payments suggest that the seller never intended to part with title and that transaction at issue was a conditional sale); *Fine v. Bradshaw*, 138 Cal. App.2d 863, 864-865 (3d Dist. 1956) (finding a conditional sales contract based upon the "agrees to sell," "agrees to buy" language and six additional factors). Here, given NYAM and Mr. Fleming's consistent position throughout the bankruptcy cases and at Mr. Fleming's deposition in this Adversary Proceeding that Hana had

factored all of the invoices at issue, that the invoices were assigned to Hana, and that Hana had become the owner of all these invoices, *see* Plaintiff's Memorandum Of Law In Further Support of Plaintiff's Motion For Partial Summary Judgment and In Opposition To Defendant's Cross-Motion For Summary Judgment ("Plaintiff's Reply Brief") [Docket No. 31] at 8-10 and the testimony and declarations cited therein, it would make no sense to hold that the Factoring Agreement was a conditional sales contract. This argument therefore provides no support for Defendant's contention that it will likely prevail on the appeal.

### 3. The Court Properly Discounted the "Parallel Declarations"

Defendant argues next that it has a substantial possibility of success on the merits because this Court did not consider the evidence in the "parallel declarations" of NYAM and Hana concerning their course of conduct relating to the Factoring Agreement and did not explain why Hana's declaration was excluded. Def. Bri. at ¶ 31. On the contrary, it is clear that the Court determined that it would not consider the evidence and that it did so because it had determined that both of the declarations were virtually identical and that both had been drafted by Defendant's attorney. *See* Transcript at 17:18-24; 21:7-15; 32:23-33:21; 42:23-43:18. Moreover, even if this Court did not fully consider the "sham affidavit" issue – and it is clear from the Transcript that it did – on appeal of a summary judgment motion, the appellate court reviews the lower court's grant of summary judgment *de novo*, *RLS Assoc., LLC v United Bank of Kuwait PLC*, 380 F3d 704, 709 (2d Cir 2004), and for all the reasons set forth in Plaintiffs Reply Brief, the District Court is likely to find that the declarations should not have been

considered. *See* Plaintiff's Reply Brief at 7-11. Accordingly, this argument fails as well. Defendant has not demonstrated a substantial possibility of success on its appeal.[4]

### D.  **Public Policy Considerations Militate Against Granting a Stay Here**

Courts in this district have held that there is a public interest in the preservation of a debtor's assets for the purpose of paying creditors. *Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC (In re Sabine Oil & Case Corp.)*, 551 B.R. 132, 147 (Bankr. S.D.N.Y. 2016). Here, Defendant complains that its business is lacking liquidity, *See, e.g.*, Def. Bri. at ¶ 39, but refuses to post a bond. Under these circumstances, a stay will not be in the public interest, as there is absolutely no reason to believe that NYAM's assets will preserved during the pendency of the appeal, so that if, as anticipated, Plaintiff prevails, Defendant will have assets to pay the Judgment, which is an asset of the Debtors' estates to Plaintiff, so that the payment, in turn, can be distributed to the Debtors' creditors. *Cf.*, *In re Motors Liquidation Co.*, 539 B.R. 676, 686 (Bankr. S.D.N.Y. 2015) (stay won't impair public interest if "resulting loss were protected by the requirement of a bond.").

Further, each of Defendant's purported rationales as to why the public interest would be served by imposition of a stay is without merit. First, Defendant claims that the public interest would be served because a stay would preserve its right to appeal, "an important means of ensuring the fairness of the U.S. judicial system." Def. Bri. at ¶ 34. But Defendant has provided no explanation as to why the laudatory right to appeal would be lost in the absence of a stay. Second, although it does not explain **why** this would serve the public interest, Defendant argues that a stay would prevent an unnecessary bankruptcy. Def. Br. at ¶ 34. Even assuming,

---

[4] Defendant claims that further reasons as to why it has a substantial possibility of success on it appeal are stated in its appeal brief which it has attached as an exhibit to the Fleming Dec. Def. Bri. ¶ 32. Plaintiff is to file its appeal brief in the District Court for the Southern District of New York on July 15, 2019. It will provide a copy of its appeal brief to this Court at that time.

*arguendo*, that preventing a bankruptcy filing would serve the public interest, as discussed above, Defendant's claims that it would be forced to file bankruptcy in the absence of a stay are conclusory and insufficient. *See supra* at Section I.A. Finally, Defendant argues that the issues on appeal are of significant public interest. Def. Bri at ¶ 35. But whether or not it is the case that the ultimate disposition of the issues on appeal are of public interest is irrelevant to the question that is currently before this court – whether a **stay** of execution of the Judgment is in the public interest. As discussed above, it is not.

II.     IN THE ABSENCE OF A BOND, NO STAY SHOULD BE GRANTED

In the event that this Court determines that Defendant has met its burden of demonstrating that it is entitled to a stay, it should condition the stay on Defendant posting a bond in the amount of the Judgment. As courts in this district have held: "The purpose of a supersedeas bond in connection with a stay pending appeal is to protect the party that has prevailed below against loss resulting from the stay of the execution of the judgment." *In re Westpoint Stevens, Inc.*, 2007 U.S. Dist. LEXIS 33725 at * 22 (S.D.N.Y. May 9, 2007). Defendant has provided no basis for deviating from the general requirement that a bond be posted when a stay is granted.

Where, as here, the movant "seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009); *De la Fuente v. DCI Telecomms., Inc.*, 269 F. Supp. 2d 237, 245 (S.D.N.Y. 2003) (same). *See also In re DJK*, 2008 U.S. Dist. LEXIS 19801 at *14 (denying motion for stay where movant stated at oral argument that it would not be able to post a bond, noting that this inability "only serves to highlight the substantial risk of dramatic injury to [other parties] if the Bankruptcy Court's orders were erroneously stayed."). While "Rule 8005 gives the court the power to fashion appropriate

relief even where the debtor has not filed a supersedeas bond . . . that flexibility is normally employed for orders that do not involve a monetary award." *In re Fiesta Inn & Suites, LP*, 2009 Bankr. Lexis 4176 at *11 (Bankr. W.D.Tex. Dec. 21, 2009) (citations omitted).

Defendant's two rationales for its contention that a bond is not required or warranted in this case where the judgment is one for money damages, *see* Def. Bri at ¶¶ 38-39, are meritless. First, Defendant cannot seriously argue, as it does here, that it does not have the liquidity to post a bond and then at the same time argue that there is no basis for finding that Plaintiff will suffer substantial injury if enforcement of the Judgment is delayed until the conclusion of the appeal.[5] In light of Defendant's admittedly precarious finances, there is every reason for concern that Plaintiff will be injured if Defendant is permitted to deviate from the ordinary requirement of posting a bond

Second, Defendant has not met its burden of demonstrating that posting a bond would force it into bankruptcy or that posting a bond would subject it to undue financial burden. The only support for this contention is the conclusory statement that "requiring NYAM to liquidate its assets to obtain a supersedeas bond would cripple its operations," Def. Bri. ¶ 39. This statement which is not backed up with a single fact, figure, or document, is an insufficient basis for excusing Defendant from posting a bond.

---

[5] This case is thus in contrast to the facts *in Texaco, Inc. v. Pennzoil*, 784 F.2d. 1133, 1155 (2d. Cir. 1986), cited by Defendant, in which the Second Circuit panel determined that plaintiff's interest in protecting the full amount of its judgment during the appellate processed was "reasonably secured by the substantial excess of [defendant's] net worth over the amount of [plaintiff's judgment]." *Id*. Here, there is no indication that Defendant's worth is substantially over the value of the Judgment; in fact, Defendant claims that quite the opposite is true.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that this Court deny the Cross-Motion in all respects.

Dated:  July 3, 2019                      PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email: rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          blevine@pszjlaw.com

*Counsel to the Plaintiff*